# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

PAUL HOUSER                                                                PETITIONER

v.                                                         No. 1:11CV32-B-S

STATE OF MISSISSIPPI, ET AL.                                RESPONDENTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Paul Houser for a writ of *habeas corpus*. The State has responded to the petition, and Houser has filed a Traverse. The matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* will be denied.

## Facts and Procedural Posture

Petitioner Paul Houser is in the custody of the Mississippi Department of Corrections and is currently housed at the Marshall County Correctional Facility in Holly Springs, Mississippi, after having been convicted in the Lowndes County Circuit Court for possession of methamphetamine precursors. Houser was sentenced as a subsequent offender and a habitual offender to serve a term of sixty years in the custody of the Mississippi Department of Corrections. See State Court Record (S.C.R.), Vol. 1, pp. 104-105.

Houser, through new counsel, appealed his conviction and sentence to the Mississippi Supreme Court, where he raised the following issues for the court's review (as stated by appellate counsel):

> A. The appellant's speedy trial rights were violated by a five hundred fifty-nine (559) day delay which prejudiced his defense at trial.
>
> B. Houser's sentence of sixty (60) years without parole as an habitual offender for possession of methamphetamine precursors is disproportionate to the crime and constitutes cruel and unusual

punishment.

C. The trial court erred in denying Houser's motion for a new trial because the verdict was against the overwhelming weight of the evidence.

On August 25, 2009, the Mississippi Court of Appeals affirmed petitioner's conviction and sentence, *Houser v. State*, 29 So. 3d 813, *reh'g denied*, December 8, 2009 (Miss. Ct. App. 2009), *cert. denied*, March 11, 2010 (Miss. 2010) (Cause No. 2008-KA-00588).

Houser filed a *pro se* "Application for Leave to File Motion for Post Conviction Collateral Relief" and a "Motion for Post Conviction Relief" in the Mississippi Supreme Court on September 15, 2010. He stated the following grounds for relief in the "Concise Statements of the Claims" of the motion (set forth verbatim below):

> A. The habitual offender portion of the indictment, charging Houser as a habitual offender under Miss. Code Ann. § 99-19-81, and being a second and subsequent drug offender under Miss. Code Ann. § 41-29-147, as well as the Order which finds Houser to be an habitual offender and a second and subsequent drug offender and the proceedings conducted therein, is defective and void where the motion to amend indictment, order and proceedings, fail to allege or charge and the State failed to introduce proof of the required element of the dates of the judgment in the prior convictions. Such failure constitute plain error by violation of the constitutional right to due process of law under the federal constitutional provisions of the 5th and 14th Amendment.
>
> B. Houser was subjected to ineffective assistance of counsel at the time of his trial and during sentencing proceedings in the trial court, when the defense attorney failed to object to and allowed the habitual and enhancement portion of the motion to amend the indictment to be filed by the State, while the motion was void in its required language, and thereafter allowed the court to enter an order approving such motion and sentence in each prior conviction, where such motion to amend indictment failed to comply with law in setting out the dates of judgment in each prior conviction, in violation of his 6th Amendment rights to the United States Constitution and the Constitution of the State of Mississippi.
>
> C. Petitioner was subjected to ineffective assistance of counsel, in violation of the Sixth Amendment to the United States Constitution, where counsel failed to be prepared for defense of case at trial and thereby caused conviction.
>
> D. Petitioner has been denied due process of law in sentencing where he was

sentenced to an enhanced sentence, without the eligibility of parole, outside the normal sentencing limits under the statute which he was convicted under, without a jury having been permitted to determine enhancement eligibility but where court, sitting without jury, arbitrarily imposed enhanced punishment without impaneling a jury to determine such issues. Such actions denied petitioner his constitutional right to due process of law in sentencing, in violation of the 5th and 14th Amendments to the United States Constitution. Petitioner would present that such plain error claims are presented as being as being an exception under the post-conviction statute pursuant to the intervening decision rendered by the United States Supreme Court in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348 (2000); *Blakely v. Washington*, 542 U.S. 269, 124 S.Ct. 2531 (2004).

E. Petitioner was subjected to a denial of due process of law in violation of the 5th and 14th Amendments to the United States Constitution where prosecution was permitted to seek and obtain enhancement of sentence upon a prior conviction entered by a nolo contendere plea.

Houser filed a motion to supplement in which he added the following ground:

F. Whether the trial court committed fatal error when it allowed the prosecution to cross-examine petitioner [in the presence of the jury] regarding evidence of a previous conviction for possession of methamphetamine precursors, based on a plea of nolo contendere.

On December 15, 2010, the Mississippi Supreme Court denied Houser's application for post-conviction relief, finding that Houser's "claims of ineffective assistance of counsel do not pass the standard set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984), and the remaining claims raised by Houser are without merit."

In Houser's federal *habeas corpus* petition, he raises the following grounds (as stated by petitioner):

**Ground One**: Houser was denied his fundamental constitutional right to a fair trial when the trial court allowed Houser's prior convictions for possession of methamphetamine and possession of two or more methamphetamine precursors with intent based on a plea of nolo contendere to be improperly admitted at trial, and when it instructed the jury regarding these prior convictions.

**Ground Two**: Houser's speedy trial rights were violated by a five hundred fifty-nine (559) day delay which prejudiced his defense at trial.

**Ground Three**: Houser's sentence of sixty (60) years without parole as an habitual offender for possession of methamphetamine precursors is disproportionate to the crime and constitutes cruel and unusual punishment.

**Ground Four:** The trial court erred in denying Houser's motion for jnov/new trial because the verdict was against the overwhelming weight of the evidence.

Houser has exhausted his state court remedies as to all of the issues raised in the instant petition. The claim in Ground One was reviewed by the Mississippi Supreme Court on post-conviction review and denied on the merits. In addition, the claims in Grounds Two, Three and Four were reviewed by the Mississippi Court of Appeals and, ultimately, the Mississippi Supreme Court, on direct appeal of Houser's conviction and sentence. All four claims were denied on the merits.

## Grounds Reviewed on the Merits in State Court

The Mississippi Supreme Court has already considered Grounds 1, 2, 3, and 4 on the merits and decided those issues against the petitioner; hence, these claims are barred from *habeas corpus* review by the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2254(d), unless they meet one of its two exceptions:

> (d) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings *unless* the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Id.* (emphasis added). The first exception, subsection (d)(1), applies to questions of law. *Morris v. Cain*, 186 F.3d 581 (5th Cir. 2000). The second exception, subsection (d)(2), applies to

questions of fact. *Lockhart v. Johnson*, 104 F.3d 54, 57 (5th Cir. 1997). Since the petitioner's claims challenge both the application of law and the finding of fact, this court must consider the exceptions in both subsections.

Under subsection (d)(1), a petitioner's claim merits *habeas* review if its prior adjudication "resulted in a decision that was *contrary to*, or involved an *unreasonable application* of, clearly established Federal law." *Id.* (emphasis added). A state court's decision is *contrary to* federal law if it arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law, or if it decides a case differently from the Supreme Court on a set of "materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 1523 (2000). A state court's decision involves an *unreasonable application of* federal law if it identifies the correct governing principle but unreasonably (not just incorrectly) applies that principle to facts of the prisoner's case; this application of law to facts must be *objectively* unreasonable. *Id.* at 1521. As discussed below, the petitioner has not shown that the Mississippi Supreme Court unreasonably applied the law to the facts, or that the court's decision contradicted federal law. Accordingly, the exception in subsection (d)(1) does not apply to any grounds of the instant petition.

Nevertheless, under § 2254(d)(2) these grounds may still merit review if those facts to which the supreme court applied the law were determined unreasonably in light of the evidence presented. Because the supreme court is presumed to have determined the facts reasonably, it is the petitioner's burden to prove otherwise, and he must do so with clear and convincing evidence. *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000); 28 U.S.C. § 2254(e)(1). As discussed below, the petitioner has failed to meet this burden; as such, he cannot use subsection (d)(2) to move these claims beyond § 2254(d), which bars from *habeas corpus* review issues already decided on the merits.

**Ground One**

Houser's claim in Ground One of the instant petition ( a challenge to the state court's ruling on the admissibility of certain testimony) is precluded from federal *habeas corpus* review because the ruling of a state court on evidentiary matters is solely an issue of state law. A state prisoner is entitled to relief under 28 U.S.C. § 2254 only if he is held "in custody in violation of the Constitution or laws or treaties of the United States." *Engle v. Isaac*, 456 U.S. 107, 118 (1981). Federal courts have "long recognized that a 'mere error of state law' is not a denial of due process. If the contrary were true, then 'every erroneous decision by a state court on state law would come [to this Court] as a federal constitutional question.'" *Id.* at 121 n.21 (citations omitted).

A state court's evidentiary rulings, even if erroneous under state law, do not present constitutional issues that are reviewable in a *habeas corpus* petition. *See Crane v. Kentucky*, 476 U.S. 683, 689 (1986). "A state court's evidentiary rulings present cognizable habeas claims only if they run afoul of a specific constitutional right or render the petitioner's trial fundamentally unfair." *Johnson v. Puckett*, 176 F.3d 809, 820 (5th Cir. 1999) (citing *Cupit v. Whitley*, 28 F.3d 532, 536 (5th Cir.1994); Weeks v. Scott, 55 F.3d 1059, 1063 (5th Cir. 1995). "[I]n reviewing state court evidentiary rulings, the federal habeas court's role 'is limited to determining whether a trial judge's error is so extreme that it constituted a denial of fundamental fairness' under the Due Process Clause." *Castillo v. Johnson*, 141 F.3d 218, 222 (5th Cir. 1998) (citations omitted). The "erroneous admission of prejudicial testimony does not justify habeas relief unless the evidence played a 'crucial, critical, and highly significant' role in the jury's determination." *Jackson v. Johnson*, 194 F.3d at 656. During trial, the state introduced evidence of Houser's February 2002 plea and sentences for possession of methamphetamine and possession of precursors with intent

to manufacture methamphetamine in the Neshoba County Circuit Court in Cause No. 01-CR-0059-NS-C. *See* Exhibit C of State's Answer; *see also* S.C.R. Vol. 6, pp. 543-544.[1] In the present case, admission of the pleas and sentences at issue was not an error under state law. Though Rule 410 of the Mississippi Rules of evidence states that a plea of *nolo contendere* is not admissible in any civil or criminal proceedings absent certain limited exceptions, a *nolo contendere* plea is available only in *misdemeanor* cases. See Comment to MISS. R. EV. 410; *see also Cougle v. State*, 966 So. 2d 877, 829 (Miss. Ct. App. 2007) ("Mississippi does not allow the acceptance of a plea of *nolo contendere* in felony cases."). Houser's two previous convictions and sentences introduced during trial were both felony charges – possession of methamphetamine and possession of methamphetamine precursors. Hence, despite the wording in the sentencing Order, Houser's pleas, which were introduced at trial, were not actually pleas of *nolo contendere*. The State posits that the pleas were offered under the holding in *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). *See Cougle*, 966 So. 2d at 829. Such conjecture is unnecessary, however, as the pleas and sentences at issue were not *nolo contendere* – and thus not governed by MISS. R. EV. 410. The evidence of Houser's felony convictions were, therefore, admissible for the limited purpose for which they were introduced. In any event, even a proper plea of *nolo contendere* can be used to establish a prior conviction. *Knight v. State*, 983 So.2d 348, 354 (Miss. Ct. App. 2008) (citations omitted). As such, this ground for relief is without merit. The trial court's limiting instruction given to the jury with regard to the admission of the pleas and sentences was proper under MISS. R. EV. 105 and controlling Mississippi authority. *See Liddell v. State*, 33 So.3d 524 (Miss. Ct. App. 2010); *Hodges v. State*, 949 So. 2d

---

[1] Houser's prior convictions were also the subject of a motion in limine filed by Houser, and a hearing was held on that motion prior to trial. S.C.R. Vol. 3, pp. 15-24.

706, 725 (Miss. 2006). The state court's ruling on this issue was neither contrary to nor an unreasonable application of clearly established federal law.

## Ground Two

In Ground Two, Houser contends that the state denied his right to a speedy trial – an issue he raised both at trial and on direct appeal. The trial judge held a hearing on the matter and analyzed the issue under the factors set forth in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182 (1972). S.C.R. Vol. 3, pp. 40-42. The Mississippi Court of Appeals also found that allegations of constitutional speedy trial violations are governed by the four-pronged test in *Barker v. Wingo*, *supra*.

Under the *Barker* test, the court must consider four factors to be weighed in reaching that determination: (1) the length of delay, (2) the reason for the delay, (3) the accused's assertion of the speedy trial right, and (4) any prejudice to the accused. *Id*. These factors must be considered together, and no single factor is determinative.

### *Length of Delay*.

This factor serves as a trigger for analysis of the other factors. *Barker,* 407 U.S. at 530. "Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance. Nevertheless, because of the imprecision of the right to speedy trial, the length of delay is necessarily dependent upon the peculiar circumstances of the case." *Id*. "The relevant period of delay is that following accusation, either arrest or indictment, whichever occurs first." *Robinson v. Whitley*, 2 F.3d 562, 568 (5th Cir. 1993), *citing Dillingham v. United States*, 423 U.S. 64, 96 S.Ct. 303, 46 L.Ed.2d 205 (1975). In the Fifth Circuit, one year is frequently recognized as the threshold for the delay to be "presumptively prejudicial." *Id*., citing *Nelson v. Hargett*, 989 F.2d 847, 851 (5th Cir. 1993). The Mississippi

Supreme Court has generally held that a delay of eight months or longer is "presumptively prejudicial." *See State v. Woodall*, 801 S0.2d 678, 682 (Miss. 2001), *citing Smith v. State*, 550 So.2d 406, 408 (Miss. 1989).

"Houser was arrested on May 5, 2006, and he waived arraignment on February 12, 2007, entering a plea of not guilty. Houser's first trial was held on November 15, 2007 . . . ." *Houser,* 29 So. 2d at 819.² The state court of appeals found that "Houser correctly argues, and the trial judge recognized, there is a presumption of prejudice under the first factor because more than eight months passed between Houser's arrest and his trial." *Houser,* 29 So. 3d 813. The court agrees with this initial assessment.

***Reason for delay***. The trial judge held that docket congestion contributed to the delay and that such could not be charged to the state. S.C.R. Vol. 3, pp. 41-42. The trial charged an August continuance to the state. The judge added, however, that the State was prepared to try the case in the term after that August term and had announced ready for trial in that term. *Id.* at p. 42.

On appeal, the court of appeals recognized that the burden then shifts to the prosecution to produce evidence to justify the delay – and discussed at length the issue of length of delay, including the basis for each continuance granted. *Houser,* 29 So. 3d at 819. Initially, the court of appeals held that the trial court did not err in refusing to weigh the first ninety days after indictment against the State or Houser, as the delay inured to the his benefit. *Id.* at 821. The court of appeals then found that "the reason for two of the continuances stemmed from court congestion and one continuance was because of a mistake and confusion on the part of the State

---

²Houser's initial trial ended in a mistrial because the jury could not reach a unanimous verdict, and the trial was reset to December 6, 2007. S.C.R. Vol. 1, p. 69.

and Houser's concerning witnesses and evidence related to Houser's two pending charges." *Houser,* 29 So. 3d at 821. Based on that information, the court of appeals found that "[t]here is nothing in the record that indicates the State exercised a 'deliberate attempt to sabotage the defense by delaying the trial.'" *Id.* at 821-822. The state appellate court agreed with the trial judge that two of the delays were neutral. The court added that it "weigh[ed] one continuance only slightly against the State, given that Houser also mistakenly[3] sought the continuance to acquire evidence." *Id.*

***Defendant's Assertion of the Right:*** The third consideration under *Barker* is whether the defendant effectively asserted his right to a speedy trial. The court of appeals found that Houser invoked his right to a speedy trial three times – "once in a *pro se* motion and twice through his attorney." *Houser,* 29 So. 2d at 822. The first motion for speedy trial filed by Houser was in June 2007, about four (4) months before his trial. *Id.; see also* S.C.R. Vol. 3, p. 41. The state court found that this factor weighed in Houser's favor. *Id.*

***Prejudice to the Defendant*:** The fourth and final factor to be contemplated is prejudice to the accused. The interests that are sought to be protected by the speedy trial right are: (1) prevention of oppressive pretrial incarceration, (2) an effort to minimize anxiety and concern of the accused, and (3) limiting the possibility that the defense will be impaired. *Barker*, 407 U.S. at 532. "[T]he most serious" of these is the last, "because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." *Id*.

---

[3]The mistake occurred because Houser was being simultaneously being prosecuted for a separate crime. The State wanted a continuance to secure a witness for the other case, and Houser wanted to obtain medical records for that case. However, both he and the State moved for a continuance in the wrong case (the one leading to the instant petition), so both Houser and the State mistakenly obtained a continuance. SCR, Docket # 19-8, p. 116, *Houser v. State*, No. 2008-KA-00588-COA.

The trial judge found that this prong did not weigh in Houser's favor, as he could show no prejudice to his defense. Indeed, the record does not show that Houser suffered any prejudice as a result of any delay. The Mississippi Court of Appeals held that Houser "has not shown how he would have assisted his counsel had he not been incarcerated or how he was unable to pursue his defense." *Houser,* 29 So. 2d at 822. The court added, "[f]urthermore, Houser was out on bond from May 5, 2006, the time of his arrest in the instant case, until February 2007, when his bond was revoked because of his June 26, 2006, arrest for the possession of methamphetamine precursors." *Id.* The court of appeals concluded that Houser had failed to support his claim of prejudice under the facts of this case. *Id.* Finally, Houser has not even alleged any prejudice from the delay. For these reasons, the factor regarding prejudice to Houser weighs against him and in favor of the State.

The state court's analysis of the *Barker* factors is sound; the state did not infringe upon Houser's right to a speedy trial during his prosecution. The state court's decision was thus neither contrary to, nor did it involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Nor was the decision based on an unreasonable determination of the facts in light of the evidence. Houser is not entitled to habeas relief on his claim in Ground Two.

### Ground Three

In Ground Three, Houser argues that his sentence of sixty years without parole as a habitual offender is disproportionate to the crime and constitutes cruel and unusual punishment. The trial court held a sentencing hearing at which the State proved Houser's status as both a habitual offender and subsequent drug offender. S.C.R. Vol. 7, pp. 677-689. At sentencing the trial judge took the factors set forth in *Solemn v. Helm*, 463 U.S. 277 (1983) into consideration

and determined that the sentence did not constitute cruel and unusual punishment. S.C.R. Vol. 7, p. 686. The trial judge made the following findings before imposing the sixty-year sentence:

> This is Mr. Houser's fourth felony conviction, all four of which are violations of the Mississippi Controlled Substances Law of the state.
>
> Moreover, while Mr. Houser is certainly presumed innocent of this pending charge, there is also, so that any reviewing court will know, Mr. Houser has another charge of possession of methamphetamine precursors with intent to manufacture, that being Lowndes County Cause Number 2006-0588-CR1.

S.C.R. Vol. 7, p.686. The trial judge thereafter explained that the maximum sentence for possession of precursors would be thirty years without parole under MISS. CODE ANN. § 99-19-81 but with the sentence enhancement of MISS. CODE ANN. § 41-29-147 as a subsequent offender, Houser would be sentenced to sixty years without parole. *Id.* at pp. 686-687.

The state appellate court discussed this issue, stating "Section 41-29-313(1)(c) (Rev. 2005) establishes that the maximum sentence for possession of two or more precursor chemicals with the intent to manufacture methamphetamine is thirty years." *Houser,* 29 So.3d at 823. In addition, "[a]s a subsequent drug offender, Houser's sentence could be doubled for a maximum of sixty years." *Id.* For these reasons, Houser's sentence was within the limits provided by state law. Further, the trial judge "detailed sufficient facts to show that Houser was a habitual offender. . . ." *Id.* at 824. The court of appeals found on the facts before them that Houser's sentence was not "grossly disproportionate" to the crime. *Id.* at 825.

Generally, to obtain relief on a claim of a grossly disproportionate sentence, a prisoner seeking *habeas corpus* relief must show that the sentence imposed "exceeds or is outside the statutory limits, or is wholly unauthorized by law." *Haynes v. Butler,* 825 F.2d 921, 923 (5th Cir. 1987). There is no "clear or consistent path for courts to follow" in determining whether a sentence violates the Eighth Amendment. *Lockyer,* 123 S.Ct. at 1173. However, "one governing

legal principle [on this issue] emerges as 'clearly established' under § 2254(1): A gross disproportionality principle is applicable to sentences for terms of years." *Id.* However, the gross proportionality principle is applicable only in "'exceedingly rare' and 'extreme' cases." *Id.* (citations omitted).

Though the sentence imposed is extremely long, it was within statutory limits and is neither "exceedingly rare" nor "extreme." Given Houser's extensive record of drug convictions – and the fact that the sentence is within the statutory guidelines – Houser's sentence is not grossly disproportionate to his crime. Houser has repeatedly violated Mississippi's drug laws (and was arrested on new drug charges when out on bond awaiting the trial of the case at hand), and his prior convictions were properly considered in assessing the question of proportionality. Houser has not shown that the facts of the present case are materially indistinguishable from a prior decision where the United States Supreme Court reached a different conclusion. *See Lockyer*, 123 S.Ct. at 1174. Moreover, the decision by the state court upholding that trial court's sentence was not an unreasonable application of law to the facts of this case. Therefore, Houser's claim for *habeas corpus* relief in Ground Three of the instant petition will be denied.

**Ground Four**

In Ground Four, Houser challenges the weight of the evidence to support his conviction. First, a challenge to the weight of the evidence is not an issue within the bounds of *habeas corpus* review. *See Young v. Kemp*, 760 F.2d 1097, 1105 (11th Cir. 1985)("A federal habeas court has no power to grant *habeas corpus* relief because it finds that the state conviction is against the 'weight' of the evidence . . . ."). As such, Houser is not entitled to relief based on his challenge to the weight of the evidence in Ground Four.

The court will therefore interpret the claim as one alleging insufficiency of the evidence.

The state appellate court discussed in depth the evidence presented during Houser's trial, finding that the evidence supported the verdict. *Houser v. State,* 29 So. 3d at 825-828. First, Houser was found in possession of various household items often used in the manufacture of methamphetamine (BC Cold and Sinus powders, lithium batteries, propane tank valves with distinctive blue-green discoloration (signifying exposure to anhydrous ammonia, a substance used in methamphetamine manufacture), a hose, needles, and syringes. Possession of these items is not, however, sufficient to establish the crime of possession of precursors; the State must prove Houser's intent to use them for that purpose. The State presented such proof. Two witnesses testified that only a small amount of pseudoephedrine was needed to manufacture methamphetamine, and the amount Houser possessed in the form of BC cold and sinus products was sufficient for that purpose. In addition, the State presented testimony that, since a change in Mississippi law had made purchasing pseudoephedrine in large amounts more difficult, methamphetamine manufacturers, to avoid detection, now make much smaller purchases at numerous stores. Also, other testimony revealed that Houser made several such trips – several times per week – in the wee hours of the morning. Indeed, he sometimes asked the clerk to sell him larger amounts of pseudoephedrine, to no avail.

A federal court reviewing a state court conviction during *habeas corpus* must give great deference to the state court as to the sufficiency of the evidence. *Callins v. Collins*, 998 F.2d 269, 276 (5th Cir. 1993) ("where state appellate court has conducted a thorough review of the evidence . . . . it's determination is entitled to great deference."). The instant petition offers nothing to overcome the deference afforded to the findings of fact made by the state appellate court (*see* 28 U.S.C. § 2254(e)(1)). In addition, Houser has not shown the state court decision to be an unreasonable application of law to the facts. *See Williams v. Taylor, supra*. As such,

Houser is not entitled to relief in Ground Four of his petition based on his claim challenging the weight or sufficiency of the evidence.

## Conclusion

For the reasons set forth above, the instant petition for a writ of *habeas corpus* is **DENIED**. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 12th day of February, 2014.

       /s/ Neal Biggers
    NEAL B. BIGGERS
    SENIOR U. S. DISTRICT JUDGE